48 F.3d 1216
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 James L. HOOPER, M.D., Plaintiff-Appellant,
v.
MONTGOMERY MEDICAL GROUP, P.A.; Susan J. Withrow, M.D.;
Charles Karesh, M.D.; Steven Dolinsky, M.D.;
Pasqual Perrino, M.D.; Carolyn Baier,
M.D.; Herbert Juarbe, M.D.,
Defendants-Appellees,
and Paul R. WEISENFELD; John H. Conrad, Parties in
Interest. James L. Hooper, M.D., Plaintiff-Appellant,
v.
MONTGOMERY MEDICAL GROUP, P.A.; Susan J. Withrow, M.D.;
Charles Karesh, M.D.; Steven Dolinsky, M.D.;
Pasqual Perrino, M.D.; Carolyn Baier,
M.D.; Herbert Juarbe, M.D.,
Defendants-Appellees,
and
Paul R. WEISENFELD; John H. Conrad, Parties in Interest.
In Re: Allen H. Sachsel, Appellant,
James L. HOOPER, M.D., Plaintiff-Appellant,
v.
MONTGOMERY MEDICAL GROUP, P.A.; Susan J. Withrow, M.D.;
Charles Karesh, M.D.; Steven Dolinsky, M.D.;
Pasqual Perrino, M.D.; Carolyn Baier,
M.D.; Herbert Juarbe, M.D.,
Defendants-Appellees,
v.
Paul R. WEISENFELD; John H. Conrad, Parties in Interest.
James L. Hooper, M.D., Plaintiff-Appellant,
v.
MONTGOMERY MEDICAL GROUP, P.A.; Susan J. Withrow, M.D.;
CHARLES Karesh, M.D.; Steven Dolinsky, M.D.;
Pasqual Perrino, M.D.; Carolyn Baier,
M.D.; Herbert Juarbe, M.D.,
Defendants-Appellees,
v.
Paul R. WEISENFELD; John H. Conrad, Parties in Interest.
In Re: Allen H. SACHSEL, Appellant,
James L. HOOPER, M.D., Plaintiff,
v.
MONTGOMERY MEDICAL GROUP, P.A.; Susan J. Withrow, M.D.;
Charles Karesh, M.D.; Steven Dolinsky, M.D.;
Pasqual Perrino, M.D.; Carolyn Baier,
M.D.; Herbert Juarbe, M.D.,
Defendants-Appellees,
and
Paul R. Weisenfeld, John H. Conrad, Parties in Interest.
 Nos. 94-1141, 94-1056, 94-1038, 94-1022, 93-2631.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 1, 1995
Decided March 3, 1995
 
 ARGUED: Allan Huberth Sachsel, Fairfax, Virginia, for Appellants. Albert David Brault, BRAULT, GRAHAM, SCOTT & BRAULT, Rockville, Maryland, for Individual Appellees; Jeffrey Martin Schwaber, STEIN, SPERLING, BENNET, DE JONG, DRISCOLL, GREENFEIG & METRO, P.C., Rockville, Maryland, for Appellee Montgomery Medical Group. ON BRIEF: David G. Mulquin, BRAULT, GRAHAM, SCOTT & BRAULT, Rockville, Maryland, for Individual Appellees.
 Before HALL and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James L. Hooper, M.D., appeals a decision of the district court granting summary judgment in favor of Montgomery Medical Group, P.A. (MMG) and the members of its Board of Directors[1] on various claims related to his discharge from employment with MMG. Hooper's attorney, Allen Sachsel, appeals from a decision of the district court imposing sanctions against him pursuant to Federal Rule of Civil Procedure 11. We affirm.
 
 I.
 
 2
 Considered in the light most favorable to Hooper, the facts are as follows. MMG was controlled by a Board of Directors, the members of which were referred to as partners, and all of whom were practicing physicians and shareholders of MMG. Hooper had served as President of MMG since he founded it in 1964. The partners, including Hooper, were employed pursuant to employment agreements that provided, inter alia, that they could be terminated by the Board after 60 days written notice.
 
 
 3
 In early 1989, the Board learned that MMG had failed to pay approximately $1 million in federal employment withholding taxes and that each partner was personally liable for this obligation. Soon thereafter, the relationship between Hooper and the other partners began to deteriorate for reasons unrelated to the tax liability, and Hooper resigned as President of MMG in May 1989. Hooper initially refused to cooperate with the other partners in securing a loan to pay the overdue taxes. However, after Hooper was reelected President of the Board in the summer of 1989, he subsequently agreed to serve as a guarantor of the loan and use his home as a portion of the collateral. According to Hooper, his concessions with respect to the loan were made in exchange for the partners' oral commitment that he would be permitted to serve as President until the loan was paid in full.
 
 
 4
 In September 1990, the Board--including Hooper--unanimously voted to elect partner Susan Withrow as President. Soon after this vote, another partner, Steven Dolinsky, was overheard saying that "we voted Dr. Hooper's old ass out as President and now we have younger blood running through the corporation.... It is just a matter of time until we get his old ass out completely."
 
 
 5
 In April 1991, Hooper presented to Withrow a handwritten memorandum, which she signed, indicating that he would take an unpaid leave of absence effective April 29, 1991 "while accountants and attorneys and the Board of Directors work[ed] out an acceptable buy out of [his] stock." On the same day, Hooper signed an employment contract with a competing health care provider in violation of his employment agreement with MMG. At its July 1991 meeting, the Board voted to discharge Hooper and provided him with the required 60 days notice of termination.
 
 
 6
 Hooper filed a complaint with the Equal Employment Opportunity Commission (EEOC) in September 1991, claiming that he was terminated because of his age. He later amended his EEOC complaint to allege that the partners retaliated against him for filing the complaint by, inter alia, not allowing him access to certain of his patient lists. Additionally, during this time Hooper was negotiating with MMG for benefits he claimed he was due from a pension plan formerly administered by MMG, which was subject to the Employee Retirement Income Security Act (ERISA).
 
 
 7
 Hooper brought this action in February 1992. In a second amended complaint, he alleged: (1) age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C.A. Sec. 621 et seq. (West 1985 & Supp.1994); (2) retaliation for filing the EEOC complaint, see 29 U.S.C.A. Sec. 623(d) (West 1985); (3) breach of a written contract with MMG to keep him on an unpaid leave of absence while the partners negotiated to purchase his stock; (4) breach of an oral contract with the individual Board members to retain him as President until the loan was paid in full; (5) fraud; (6) breach of fiduciary duty; (7) civil conspiracy; and (8) ERISA violations. The district court granted summary judgment to the defendants on all claims except the ERISA violations, and later imposed $5,500 in sanctions against Sachsel pursuant to Federal Rule of Civil Procedure 11. Hooper and Sachsel now appeal.
 
 II.
 A.
 
 8
 The district court ruled in favor of MMG on the age discrimination claim because it concluded that MMG had articulated a legitimate, nondiscriminatory explanation for the discharge and that isolated comments such as the one by Dolinsky were insufficient to create a genuine issue of material fact. See Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 314 (6th Cir.1989). And, the district court granted summary judgment on the retaliation claim because it concluded that the evidence was insufficient to create a genuine issue of material fact concerning a causal connection between the filing of the EEOC complaint and the denial of access to the patient information; the district court reasoned that Hooper would have been denied access in any event because of his discharge. The district court also concluded that the alleged written contract was not violated by MMG because even Hooper admitted that the contract did not supersede his employment agreement. The district court next found the evidence insufficient as a matter of law for a jury to find an oral contract and explained that even if there were sufficient evidence to make the existence of the oral contract a jury question, Hooper suffered no damage by the partners' failure to retain him as President. Finally, the district court determined that there was no basis under Maryland law to find a fiduciary duty among directors in a corporation and that there was insufficient factual support for the fraud or civil conspiracy claims to survive summary judgment. We agree and affirm the grant of summary judgment for the reasons stated in the order of the district court. Hooper v. Montgomery Medical Group, P.A., C/A No. 92-529 (D. Md. July 6, 1993) (summary judgment order).
 
 B.
 
 9
 The parties settled Hooper's ERISA claim after the district court refused to grant summary judgment on this issue. The district court later granted Hooper $500 in attorney's fees, an award Hooper now appeals as being insufficient.
 
 
 10
 A district court may, in its discretion, award attorney's fees in an ERISA action, but there is no presumption in favor of awarding fees to the prevailing party. See Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1028-30 (4th Cir.1993) (en banc). The purpose of the $500 award was to compensate Hooper for attorney's fees he incurred with respect to the ERISA claim between the time MMG decided to settle the claim on Hooper's terms and MMG's notification to Hooper of this fact. We find no abuse of discretion and affirm for the reasons stated in the order of the district court. Hooper v. Montgomery Medical Group, P.A., C/A No. 92-529 (D. Md. Nov. 29, 1993) (order awarding attorney's fees and imposing a $5,000 sanction).[2]
 
 III.
 
 11
 The district court imposed a $5,000 sanction against Sachsel for filing the second amended complaint because Hooper's claims had no merit and because the case had been pursued "with a purpose of costing the Defendants as much as possible to defend against it." Further, when Hooper moved to partially vacate the summary judgment order to allow the breach of fiduciary duty claim to be brought in state court, the district court imposed an additional $500 sanction against Sachsel. Sachsel appeals the sanctions. In reviewing an award of sanctions, the issue for us is not whether we would have awarded sanctions were we deciding the question in the first instance, but whether the district court abused its discretion in choosing to award sanctions and selecting the amount of sanctions. See Robeson Defense Comm. v. Britt (In Re Kunstler), 914 F.2d 505, 513 (4th Cir.1990), cert. denied, 499 U.S. 969 (1991). After carefully reviewing the orders of the district court detailing the reasons for its imposition of sanctions, we find no abuse of discretion and affirm. Hooper v. Montgomery Medical Group, P.A., C/A No. 92-529 (D. Md. Nov. 29, 1993) (order awarding attorney's fees and imposing a $5,000 sanction); Hooper v. Montgomery Medical Group, P.A., C/A No. 92-529 (D. Md. Dec. 20, 1993) (order imposing a $500 sanction).
 
 IV.
 
 12
 We have considered the other arguments advanced by Hooper, including his claims of error regarding discovery rulings, and find them to be without merit. Accordingly, we affirm the district court in all respects.
 
 AFFIRMED
 
 
 [1]
 The Board members were Susan J. Withrow, M.D., Charles Karesh, M.D., Steven Dolinsky, M.D., Pasqual Perrino, M.D., Carolyn Baier, M.D., and Herbert Juarbe, M.D
 
 
 [2]
 MMG moved for this court to impose additional sanctions pursuant to Federal Rule of Appellate Procedure 38 for the filing of this appeal, arguing that it is frivolous. We deny the motion